IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MINDY ENGEN                                                                                    PLAINTIFF

v.                                            Case No. 5:24-cv-05180

BOARD OF TRUSTEES OF
THE UNIVERSITY OF ARKANSAS                                                       DEFENDANT

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendant Board of Trustees of the University of Arkansas ("Defendant"). (ECF No. 20). Plaintiff Mindy Engen ("Plaintiff") has responded. (ECF No. 23). Defendant has filed its reply. (ECF No. 24). The Court finds the matter ripe for consideration.

### I.    BACKGROUND

This is an employment discrimination action brought by Plaintiff after she was removed from her position as the Chair of the Department of Sociology and Criminology ("Department") at the University of Arkansas, Fayetteville. The relevant events began in January 2024, when Plaintiff served as the chair of a search committee for a new Sociology faculty member for the Department. The search committee is required to follow Defendant's policies for its recruitment and hiring process, which are enforced by Defendant's Equal Opportunity, Compliance, and Title IX staff ("OEOC"). One such policy requires that committee members provide clear and logical reasons for or against striking a candidate. (ECF No. 2, at 3).

Plaintiff and the search committee developed a position announcement for the Sociology faculty position. Dean Sloan, the Interim Dean of the University of Arkansas's Fulbright College of Arts and Sciences, approved the position announcement before it was publicly advertised. (ECF No. 2, at 3). On January 25, 2025, the Department met to review the shortlist of six candidates

chosen by the search committee. (ECF Nos. 2, at 3; 23-3, at 6). The Department approved the shortlist and circulated ballots to further assess the candidates.

Plaintiff met with Dean Sloan several times on January 26, 2024, to discuss the shortlisted candidates. (ECF No. 2, at 4). At the first meeting on January 26, 2024, Dean Sloan asked Plaintiff to remove Emily Troshynski from the shortlist without providing a reason. (ECF No. 23-3, at 36). At a second meeting on January 26, 2024, Plaintiff informed Dean Sloan that she believed that "it would be an issue for her to eliminate an openly gay candidate for anything other than their qualifications or merits." (ECF No. 23-3, at 40-41). Plaintiff also told Dean Sloan that removing a candidate from the shortlist without a legitimate reason was against Defendant's OEOC policy. (ECF No. 2, at 5).

Plaintiff testifies that at the final January 26, 2024, meeting, Dean Sloan informed her that she did not approve of the candidates on the shortlist because they had backgrounds in criminology instead of sociology. (ECF No. 23-3, at 27). Ms. Troshynski, along with several other shortlisted candidates, had a background in criminology, which is a subdiscipline of sociology. Plaintiff testifies that this came as a surprise because the Department had never eliminated a candidate in the past for having a Ph.D. in a related discipline and because the advertisement approved by Dean Sloan stated that candidates should have a "sociology or related social science" background. (ECF No. 23-3, at 27-28).

On January 30, 2024, Plaintiff reported Dean Sloan to Defendant's OEOC office for harassment and interference with the search process. (ECF No. 2, at 6). Specifically, Plaintiff told the OEOC staff that she was concerned that Dean Sloan was eliminating a candidate based on her sexual orientation. (ECF No. 23-3, at 40-41). On February 7, 2024, Dean Sloan demoted Plaintiff from her position as the Department Chair. (ECF No. 23-1). As a result, Plaintiff was forced to

vacate her office by the end of the week, and suffered a change in title, loss of salary, and reduction in job duties and benefits. (ECF No. 2, at 7-8).

On August 19, 2024, Plaintiff filed her Complaint in this case. (ECF No. 2). In the Complaint, Plaintiff alleges that Defendant retaliated against her in violation of Title VII by demoting her after she made a complaint to the OEOC office.[1] (ECF No. 2).

On September 3, 2025, Defendant filed the instant Motion for Summary Judgment. (ECF No. 20). Defendant argues that Plaintiff cannot establish her retaliation claim because Dean Sloan was not aware of any report or complaint to the OEOC office when she relieved Plaintiff of her duties as Department Chair. (ECF No. 22, at 2). In her Response, Plaintiff does not respond to Defendant's argument that Dean Sloan was unaware of her OEOC complaint. Rather, Plaintiff argues that she engaged in protected conduct when she told Dean Sloan that she was concerned that removing Ms. Troshynski from the shortlist would be discriminatory and violate Defendant's OEOC policies because Ms. Troshynski is openly gay—the same issue she expressed in her OEOC complaint. (ECF No. 23, at 5). Defendant replied, arguing that Plaintiff impermissibly amended her Complaint in her Response. (ECF No. 24).

## II.     STANDARD OF REVIEW

The standard for summary judgment is well established. When a party moves for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Krenik v. Cnty. of LeSueur*, 47 F.3d 953, 957 (8th Cir. 1995). This is a "threshold inquiry of . . . whether there is a need for trial—whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they reasonably may be

---

[1] Plaintiff also brought a retaliation claim under the Arkansas Civil Rights Act. The Court granted Defendant's Motion to Dismiss (ECF No. 7) in part, dismissing Plaintiff's Arkansas Civil Rights Act Claim. (ECF No. 18).

3

resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A fact is material only when its resolution affects the outcome of the case. *Id*. at 248. A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252.

In deciding a motion for summary judgment, the Court must consider all the evidence and all reasonable inferences that arise from the evidence in a light most favorable to the nonmoving party. *Nitsche v. CEO of Osage Valley Elec. Co-Op*, 446 F.3d 841, 845 (8th Cir. 2006). The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *See Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). The nonmoving party must then demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik*, 47 F.3d at 957. However, a party opposing a properly supported summary judgment motion "may not rest upon mere allegations or denials . . . but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. "Mere allegations, unsupported by specific facts or evidence beyond the nonmoving part's own conclusions, are insufficient to withstand a motion for summary judgment." *Thomas v. Corwin*, 483 F.3d 516, 526-27 (8th Cir. 2007).

The Eighth Circuit previously indicated in several panel decisions that summary judgment is "disfavored" and should be used "sparingly" in discrimination cases because they are inherently fact based. *See Torgerson v. City of Rochester*, 634 F.3d 1031, 1058 (8th Cir. 2011) (collecting cases). However, it has since been made clear that those decisions have been abrogated and should not be followed because "[t]here is no 'discrimination case exception' to the application of summary judgment, which is a useful pretrial tool to determine whether any case, including one alleging discrimination, merits a trial." *Id.* at 1043. Accordingly, the Court applies the same

4

summary judgment standard to discrimination cases as it does to all others.

### III. DISCUSSION

The Court faces two general issues in the instant motion. First, whether Plaintiff may raise a new basis of retaliation for her Title VII claim for the first time in opposition to Defendant's motion for summary judgment. Second, whether Defendant is entitled to summary judgment on Plaintiff's Title VII claim. The Court will review each in turn.

**A. Plaintiff's New Title VII Claim**

Defendant argues that Plaintiff failed to properly plead a Title VII claim based on her complaint to Dean Sloan, and thus the claim is not properly before the Court. (ECF No. 24).

The Eighth Circuit generally does not permit parties to assert new claims in opposition to summary judgment. *See InfoDeli, LLC v. Western Robidoux, Inc.*, 136 F.4th 792, 801 n.6 (8th Cir. 2025) (citing *Gilmour v. Gates, McDonald and Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004)).[2] Under the Federal Rules of Civil Procedure, the issues presented must be properly pled before the Court. *Allan v. Minnesota Dep't of Hum. Servs.*, 127 F.4th 717, 720 (8th Cir. 2025) (citing Fed. R. Civ. P. 8(a)). "The essential function of notice pleading is to give the defendant fair notice of what the claim is and the grounds upon which it rests." *WireCo WorldGroup, Inc. v. Liberty Mut. Fire Ins. Co.*, 897 F.3d 987, 992 (8th Cir. 2018). While courts "recognize that the pleading requirements under the Federal Rules are relatively permissive, they do not entitle parties to manufacture claims, which are not pled, late into the litigation for the purpose of avoiding

---

[2] The Eighth Circuit follows the Eleventh Circuit's rule that the proper procedure for plaintiffs to assert a new claim at summary judgment is to amend the complaint in accordance with Federal Rule of Civil Procedure 15(a). *See InfoDeli* LLC, 136 F.4th at 801 n.6 (citing *Gilmour*, 382 F.3d at 1315)). The Eleventh Circuit in *Gilmour v. Gates, McDonald and Co.*, relies on Seventh Circuit precedent saying the same. 382 F.3d at 315 (citing *Shanahan v. City of Chicago*, 82 F.3d 776, 781 (7th Cir. 1996)). However, the Seventh Circuit recently abrogated its line of cases blanketly prohibiting a plaintiff from asserting a new claim in their brief opposing summary judgment. *Schmees v. HC1.COM, Inc.*, 77 F.4th 483, 489-90 (7th Cir. 2023) (abrogating *Shanahan*, 82 F.3d 776 in part). Now, the Seventh Circuit allows district courts to treat new claims presented in summary judgment briefing as a motion to amend. *Id.*

5

summary judgment." *N. States Power Co. v. Fed. Transit Admin.*, 358 F.3d 1050, 1057 (8th Cir. 2004). Thus, the liberal pleading of Rule 8 "does not require that, at the summary judgment stage, defendants must infer all possible claims that could arise out of facts set forth in the complaint." *Bragg v. Husqvarna Forestry Products, N.A. Inc.*, No. 4:20-cv-4054, 2021 WL 2346012, at *3 (W.D. Ark. June 8, 2021) (citing *Gilmour*, 382 F.3d at 1315).

Further, the Eighth Circuit declined to accept a plaintiff's argument that "it did not raise new *claims* but rather new *grounds* for [its claims]." *WireCo*, 897 F.3d at 992-93 (emphasis added). In *WireCo WorldGroup, Inc. v. Liberty Mutual Fire Insurance Co.*, the plaintiff raised two new grounds for its breach of contract claims for the first time in its summary judgment briefs. *Id.* The Eighth Circuit affirmed the district court's decision not to consider those new grounds, reasoning that the plaintiff's complaint was specific as to the "nature, bases, and grounds" of its original breach of contract claims, and that the defendant "was not required to intuit additional theories of liability that were not apparent" from the complaint. *Id.* at 993.

Here, Plaintiff's Title VII retaliation claim remains broadly the same, but the ground on which her claim is based—the alleged protected activity—has shifted. Before, Plaintiff alleged that the protected activity was her report of Dean Sloan's alleged discriminatory hiring practices to the OEOC office. Specifically, Plaintiff alleges in her Complaint that she was demoted "because she made complaints to Defendant's OEOC office" and "after making a protected complaint about discriminatory hiring policies to the Defendant's OEOC staff." (ECF No. 2, at 8-9). Accordingly, Defendant based its summary judgment on one contention: that Dean Sloan could not have demoted Plaintiff in retaliation of her OEOC complaint because Dean Sloan had no knowledge of Plaintiff's OEOC complaint. (ECF No. 22).

Now, Plaintiff asserts that the protected activity was her January 26 meeting, in which she

6

alerted Dean Sloan to the same concerns that she later reported to the OEOC office. Plaintiff does allege in the facts of her Complaint that she informed Dean Sloan that removing Ms. Troshynski from the shortlist would appear discriminatory and was against OEOC regulations. However, Plaintiff repeatedly asserts in her Complaint that her complaint to the OEOC office was the protected activity at the base of her Title VII claim. Further, in defending against a motion to dismiss, Plaintiff re-asserted that her Title VII claim was based on her protected complaint to the OEOC office. (ECF No. 9).

Defendant was not required to infer that Plaintiff also asserted a Title VII claim based on her conversation with Dean Sloan when Plaintiff specifically and continuously based her Title VII claim on her OEOC complaint. *See Bragg*, 2021 WL 2346012, at *3. Accordingly, the Court will not consider Plaintiff's newly asserted basis for her Title VII retaliation claim in evaluating Defendant's motion for summary judgment.

**B. Title VII Retaliation**

The Court will now turn to Plaintiff's claim that she was demoted in retaliation after making a complaint about Dean Sloan's alleged discriminatory hiring policies to the OEOC office.

"Title VII prohibits employers from retaliating against employees who file charges of discrimination or who assist others in opposing discrimination." *Smith v. Riceland Foods, Inc.*, 151 F.3d 813, 818 (8th Cir. 1998). To that end, it is unlawful:

> for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].

42 U.S.C. § 2000e-3 (2000). A plaintiff employee need not establish that the conduct he opposed was in fact prohibited under Title VII; rather, he need only demonstrate that he had a "good faith, reasonable belief that the underlying challenged conduct violated [Title VII]."

7

*Buettner v. Arch Coal Sales Co.*, 216 F.3d 707, 714 (8th Cir. 2000). To survive a motion for summary judgment on a retaliation claim, the plaintiff either must offer direct evidence of retaliation or create an inference of retaliation under the *McDonnell Douglas* burden-shifting framework. *Lors v. Dean*, 746 F.3d 857, 865 (8th Cir. 2014).

Absent direct evidence, Title VII retaliation claims are analyzed under the familiar three-stage, burden-shifting test set forth in *McDonnell Douglas Corp. v. Green*. *Hutton v. Maynard*, 812 F.3d 679, 684 (8th Cir. 2016). At the first stage, the plaintiff must establish a prima facie case of retaliation, showing: "(1) that he or she engaged in statutorily protected activity; (2) an adverse employment action was taken against him or her; and (3) a causal connection exists between the two events." *Jackman v. Fifth Judicial Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013).

To establish a causal connection between Plaintiff's protected activity and the adverse action taken against her, Plaintiff "must show the employer had actual or constructive knowledge of the protected activity." *Buettner*, 26 F.3d at 715; *see also Culton v. Missouri Dep't of Corr.*, 515 F.3d 828, 831 (8th Cir. 2008) (holding that an employee's failure to present evidence that his supervisor was aware of his protected activities before he was transferred was fatal to his retaliation claim); *see also Wolff v. Berkley, Inc.*, 938 F.2d 100, 103 (8th Cir. 1991) (stating that the causal connection between the protected activity and adverse employment action "does not exist if the employer is not aware of the employee's statutorily protected activity").

Defendant argues that Plaintiff cannot prove the causal element of her prima facie case of Title VII retaliation because Dean Sloan learned of Plaintiff's protected activity *after* she demoted Plaintiff. (ECF No. 22, at 3). Plaintiff alleges that the protected activity in which she engaged was her complaint to Defendant's OEOC staff. (ECF No. 2). Defendant produces testimony from

8

Danielle Williams, Associate Vice Chancellor and Executive Director of Defendant's OEOC office, and Dean Sloan to argue that Dean Sloan had no knowledge of Plaintiff's complaint. First, Ms. Williams testifies that she did not discuss or inform Dean Sloan of her meeting with Plaintiff before February 8, 2024. (ECF No. 20-1). Plaintiff alleges that she was demoted by Dean Sloan on February 7, 2024. Second, Dean Sloan testifies that, when she demoted Plaintiff, she was unaware that Plaintiff had made a complaint to or met with the OEOC office. (ECF No. 20-2).

In response, Plaintiff does not dispute that Dean Sloan was unaware of her complaint to the OEOC office. Rather, Plaintiff argues that her January 26 meeting with Dean Sloan, where she opposed Dean Sloan's hiring policies, was itself the protected activity. (ECF No. 23, at 3). As discussed above, the Court will not consider Plaintiff's new ground for her Title VII claim because she raised it for the first time in opposition to summary judgment.

The Court finds that Plaintiff has failed to establish a claim for retaliation. The undisputed fact that Dean Sloan was unaware of Plaintiff's complaint to the OEOC when she demoted her is fatal to Plaintiff's retaliation claim. *See Buettner*, 216 F.3d at 715. Accordingly, Defendant must be granted summary judgment on this claim.

### IV. CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion for Summary Judgment (ECF No. 20) should be and hereby is **GRANTED**. Plaintiff's Title VII retaliation claim is hereby **DISMISSED WITH PREJUDICE**. A judgement of even date shall issue.

**IT IS SO ORDERED**, this 3rd day of November, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge